Donald LIGHTCAP, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–0608–CR–427.

Court of Appeals of Indiana.

April 4, 2007.

Zachary A. Witte, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Donald Lightcap, Jr. ("Lightcap") appeals from the Allen Superior Court's revocation of his probation. On appeal, Lightcap raises two issues, which we restate as:

I. Whether Lightcap was denied due process when the trial court admitted testimony and evidence from a previous proceeding before the same trial court; and,

II. Whether there was sufficient evidence to support the revocation of his probation.

Concluding that Lightcap's due process rights were not violated and that Lightcap has waived the issue of sufficiency of the evidence, we affirm.

### Facts and Procedural History

On February 24, 2003, the State charged Lightcap with two counts of Class C felony sexual misconduct with a minor. On July 17, 2003, Lightcap pled guilty to one count of Class C felony sexual misconduct with a minor, and the State dismissed the other charge. On August 11, 2003, the trial court sentenced Lightcap to four years, all

of which were suspended. Lightcap received four years of formal probation, and he signed an Addendum Order of Probation, which specified the rules that he must follow as a sex offender on probation.

On November 9, 2005, Stephen Keele ("Keele"), Lightcap's probation officer, filed a verified petition for revocation of probation. The petition alleged that Lightcap had violated the rules and conditions of the probationary order in that he had not maintained good behavior as referenced by Allen County Police report number 05F060658 and that he had unsupervised contact with a child under the age of eighteen. On December 5, 2005, Keele filed an amended petition for revocation of probation, alleging that Lightcap had committed two counts of Class B felony sexual misconduct with a minor, as charged in Allen Superior Court cause number 02D04–0511–FB–166.[1] In May 2006, Judge Frances Gull presided over Lightcap's criminal trial, and a jury found him not guilty of the charges.

On June 5, 2006, Judge Frances Gull also presided over Lightcap's probation revocation hearing. At this hearing, the State moved to "incorporate" the testimony and evidence from the criminal trial over which Judge Gull had presided. Tr. p. 10. The defense objected to admission of this testimony, arguing that "[t]he witnesses should be here to testify so that they can be cross examined since these are issues that are different from those that were presented at trial." Id. at 11. The trial court overruled the objection and took the testimony and evidence from the prior proceeding into consideration. Based upon this evidence, the trial court concluded that Lightcap had unsupervised contact with a child in violation of the terms of his probation. The trial court revoked Lightcap's probation and ordered him to be committed to the Department of Correction for four years with 210 days of credit. Lightcap now appeals. Additional facts will be provided as necessary.

## I. Admission of Prior Testimony

Lightcap first contends that the trial court erroneously "incorporated" testimony and evidence presented at Lightcap's criminal trial on charges of sexual misconduct with a minor. In support of his argument, Lightcap cites *Bane v. State*, 579 N.E.2d 1339, 1341 (Ind.Ct.App.1991), *trans. denied*, where this court noted that "a trial court may not judicially notice its own records in another case previously before the court even on a related subject and related parties."

Facts that are judicially noticed must be generally known or capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. *Stewart v. Stewart*, 521 N.E.2d 956, 959, n. 2 (Ind.Ct.App.1988), *trans. denied.* Courts have routinely taken judicial notice of commonly known facts such as the location of county seats, the powers and duties of public bodies or public officers, attorneys admitted to the bar, Indiana statutes, Indiana's Constitution and case law, congressional committee reports, historical facts, and the computation of time. *City of Hammond v. Doody*, 553 N.E.2d 196, 198 (Ind.Ct.App.1990) (citations omitted).

In *Bane*, this court held that it was not error for a trial court to sentence a defendant and, moments later, in the same consolidated hearing, revoke the defendant's probation on a prior conviction without requiring additional proof that the defen-

---

1. We remind Appellant's counsel that Indiana Appellate Rule 46(A)(5) (2007) regarding the Appellant's brief states that in the Appellant's statement of the case, "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)."

dant violated his probation by committing the murder *for* which he was sentenced moments earlier. 579 N.E.2d at 1341–42. *Bane* involved judicial notice of a conviction for murder, or the outcome of a proceeding that had previously been before the trial court. At issue, here, however, is whether the trial court can properly admit sworn testimony from a prior proceeding. In the case before us, the trial court was not taking judicial notice of the outcome of a proceeding, but rather was admitting into evidence former testimony.

Former testimony is defined as "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination." Ind. Evidence Rule 804(b)(1) (2007). The rules provide that former testimony is allowable in a second proceeding as an exception to the rule against hearsay if the witness has become unavailable. *Id.* Under the facts of this case, it is not clear whether B.B., the State's primary witness, would be considered "unavailable" under this rule. However, because Indiana Evidence Rule 101(c)(2) (2007) provides that the Indiana Rules of Evidence do not apply in probation proceedings, we need not determine whether the witness was "unavailable" to resolve whether the trial court properly admitted the testimony.

 Courts of this state follow the general rule that, with regard to probation proceedings, "the rule against hearsay and the definitions and exceptions with respect thereto ... do not apply in proceedings relating to sentencing, probation, or parole." *Cox v. State,* 706 N.E.2d 547, 550

(Ind.1999). Here, the same trial court presided over the criminal trial and the revocation of probation hearing. The information elicited during Lightcap's trial for sexual misconduct with a minor was obviously relevant to the trial court's determination that Lightcap had unsupervised contact with a child. Furthermore, sworn testimony presented before the same trial court provides substantial indicia of its reliability. As in *Cox,* the evidence presented here was, at the very least, extremely reliable hearsay.

 Lightcap also impliedly argues that his due process rights were violated because he did not have the right to cross-examine the witnesses at the probation revocation hearing. The Due Process Clause of the Fourteenth Amendment does impose procedural and substantive limits on the revocation of the conditional liberty created by probation. *Braxton v. State,* 651 N.E.2d 268, 269 (Ind.1995). However, it is well settled that probationers are not entitled to the full array of constitutional rights afforded defendants at trial. *Cox,* 706 N.E.2d at 549 (citing *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Isaac v. State,* 605 N.E.2d 144 (Ind.1992)). Our supreme court has described a probationer's due process rights as follows:

> There are certain due process rights, of course, which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral detached hearing body. Indiana Code § 35–38–2–3(e) also ensures the probationer the right to confrontation, cross-

examination, and representation by counsel.

*Isaac*, 605 N.E.2d at 148 (footnote omitted).

In *Strowmatt v. State*, 686 N.E.2d 154, 158 (Ind.Ct.App.1997), we concluded that the trial court did not violate a probationer's due process rights by hearing the evidence at trial as evidence in the probation revocation proceedings. We determined that during the criminal trial, the defendant had the representation of counsel and the opportunity to cross-examine witnesses as required by Indiana Code section 35–38–2–3(e).

Judicial economy mandates that some flexibility be taken in probation revocation proceedings. "[D]ue process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed." *Gagnon*, 411 U.S. at 788, 93 S.Ct. 1756 (holding that the right to counsel in probation revocation proceedings is not absolute where the defendant has been convicted of, or has admitted to, committing a crime). We conclude that Lightcap was afforded the opportunity to cross-examine witnesses and present evidence in his own defense at his criminal trial, and therefore his due process rights were not violated.

## II. Sufficiency of the Evidence

Lightcap next contends that there was not sufficient evidence to support the revocation of his probation. Probation is an alternative to commitment in the Department of Correction, and it is at the sole discretion of the trial court. *Cox*, 706 N.E.2d at 549 (citation omitted). A defendant is not entitled to serve a sentence in probation. Rather, probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind.1991)). A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven only by a preponderance of the evidence. *Isaac*, 605 N.E.2d at 147. If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994).

The State need not show that a defendant was convicted of a crime in order for the trial court to revoke probation. *Shumaker v. State*, 431 N.E.2d 862, 863 (Ind.Ct.App.1982). Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law, revocation of probation is permitted. *Id.* (citation omitted).

Here, although Lightcap was acquitted of sexual misconduct with a minor, the trial court found that Lightcap had unsupervised contact with a child in violation of the terms of his probation. Lightcap has failed to provide this court with a copy of the testimony and evidence presented at his criminal trial upon which the trial court based its decision to revoke his probation. Hence, we have no means to review the evidence upon which the trial court relied. On appeal, it is the appellant's duty to present an adequate record clearly showing the alleged error. *Jackson v. State*, 496 N.E.2d 32, 33 (Ind.1986). If the appellant fails to do so, the issue is deemed waived. *Id.* Therefore, we deem Lightcap's challenge to the sufficiency of the evidence waived.

## Conclusion

We conclude that the trial court did not violate Lightcap's due process rights in

incorporating testimony and evidence from his previous criminal trial before the same trial court, and we further conclude that Lightcap has waived his claim of insufficiency of evidence by failing to provide this court with an adequate record.

Affirmed.

NAJAM, J., and MAY, J., concur.