**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 09 2013, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACOB PHIPPS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1303-CR-129 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1005-FD-174

**December 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jacob Phipps ("Phipps") appeals the trial court's order revoking his probation and raises the following restated issue: whether the trial court abused its discretion when it ordered him to serve the entirety of his previously-suspended sentence.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 14, 2010, the State charged Phipps with Class D felony resisting law enforcement, Class A misdemeanor resisting law enforcement, and Class A misdemeanor driving while suspended. On October 4, 2010, Phipps pleaded guilty to all of the charges and was sentenced to an aggregate twenty-four months, with six months to be served on in-home detention and eighteen months suspended to supervised probation. On January 12, 2011, the Madison County Probation Office ("the MCPO") filed a petition for termination of in-home detention, alleging that Phipps was in arrears for the payment of his in-home detention fees. The trial court ordered Phipps's home detention terminated, but Phipps paid his arrearage and was retained on home detention. On May 4, 2011, Phipps was placed on supervised probation after completing the in-home detention portion of his sentence.

On July 16, 2012, the MCPO filed a notice of probation violation, which was amended on August 1, 2012 to allege that Phipps had committed Class D felony counterfeiting and Class A misdemeanor driving while suspended in two different cause numbers, had failed to report his arrest to the MCPO within forty-eight hours of his arrest, had been in a place that sold alcoholic beverages as its primary business, had violated curfew, and was in arrears in the payment of his probation fees. On October 25, 2012, after

2

a denial hearing, the trial court found several violations and revoked Phipps's previously-suspended eighteen-month sentence. The trial court ordered the suspended sentence to be served on in-home detention.

Phipps was placed on electronic monitoring on November 9, 2012 and was still subject to the monitoring on January 24, 2013. Under the terms and conditions of his home detention, Phipps was required to be at his home when not at his place of employment or other authorized location. He had a curfew and was only authorized to be out of the house and at his job from 8:00 a.m. to 8:30 p.m.

On January 24, at approximately 10:00 p.m., the Madison County Drug Task Force was investigating the manufacturing of methamphetamine in Madison County, and members of the task force went to a residence on Brown Street in Anderson, Indiana. Two officers observed Phipps crawling out of a side window and walking toward the alley. Despite it being a cold night, Phipps was not wearing a jacket and was only wearing one glove. When the officers made contact with Phipps, they noticed an overwhelming chemical odor emanating from him. Phipps told the police he was on his way home from work, and that, even though he knew he was not supposed to be at the house, he had just stopped by and that it was his relative's house. The police discovered methamphetamine in the bathroom of the house, and also found Phipps's jacket and other glove in the bathroom. It was also determined that the window from which Phipps was observed crawling was the bathroom window. The other occupants of the residence implicated Phipps in the manufacturing of methamphetamine that night in the house.

On January 25, 2013, the MCPO filed another petition for termination of home detention, alleging that Phipps had been arrested for manufacturing methamphetamine, possession of methamphetamine, and possession of chemical reagents or precursors in violation of the rules of home detention. It was also alleged that he was in arrears in the payment of his fees. On March 4, 2013, the trial court found that Phipps had violated the conditions as alleged and revoked his home detention. The trial court ordered that he serve the balance of his sentence executed in the Department of Correction ("DOC"). Phipps now appeals.

## DISCUSSION AND DECISION

A trial court's sentencing decision for violations of probation are reviewed for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (citing *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a petition to revoke probation is filed within the defendant's probationary period and the trial court finds the defendant has violated any terms of probation, the trial court may (1) continue the defendant on probation, with or without modifying or enlarging the conditions, (2) extend the defendant's probationary period by up to one year beyond the original probationary period, or (3) order the execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g).

Phipps argues that the trial court abused its discretion when it revoked his in-home detention and ordered him to serve his entire previously-suspended sentence executed in

the DOC. He asserts that it was an abuse of discretion because, at the time of the evidentiary hearing, he had not yet been convicted of any further crimes. Phipps also asserts that he was employed at the time of the evidentiary hearing and had the opportunity to get another job. He claims that, despite his previous revocation petitions, he did not deserve to have his entire previously-suspended sentence imposed. We disagree.

Phipps was initially sentenced to in-home detention and probation in the present case. His probation was revoked because he committed other crimes while on probation, failed to report his arrest to MCPO as required, and failed to pay his probation fees. The trial court revoked his probation and ordered him to serve the balance of his sentence on in-home detention. However, Phipps was again arrested for committing additional criminal offenses and also violated the conditions of his in-home detention by failing to follow his curfew.

The trial court initially granted Phipps the favor of less restrictive punishment and greater freedom by imposing in-home detention and probation. The evidence presented showed that Phipps violated the conditions of his in-home detention and probation by committing several new offenses. Although he had been previously sanctioned for violating his probation, Phipps again violated the terms of his in-home detention by committing new crimes. Therefore, he was not deterred from the commission of crimes by being granted the favor of probation and in-home detention.

Additionally, the State need not show that a defendant was *convicted* of a crime in order for the trial court to revoke probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). "Although an arrest standing alone does not necessarily support a

revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law, revocation of probation is permitted." *Id.* Here, the evidence presented at the evidentiary hearing showed that Phipps was discovered crawling out of the window of a house where methamphetamine was being manufactured. His jacket and glove were located in the bathroom where the methamphetamine lab was set up, and the window he was seen crawling out of was the bathroom window. Phipps also had a strong chemical odor emanating from his person when he was apprehended by the police. From this evidence, the trial court could have found that Phipps's arrest was reasonable and that there was probable cause to believe that he had violated a criminal law. Based on this, and due to Phipps's several failures to abide by the conditions of his probation and in-home detention, we conclude that the trial court was well within its discretion in revoking Phipps's in-home detention and ordering him to serve the balance of his sentence in the DOC.

Affirmed.

ROBB, C.J., and RILEY, J., concur.