**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 09 2014, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFRY G. PRICE**
Peru, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NATHANIEL BASTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A05-1311-CR-559 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH SUPERIOR COURT
The Honorable Christopher M. Goff, Judge
Cause No. 85D01-1210-FD-830

**June 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Nathaniel Baston appeals the revocation of his probation, presenting the following issues for our review:

1. Did the State present sufficient evidence to support the revocation of Baston's probation?

2. Did the trial court err in declining to award Baston credit for time served prior to the revocation of his probation?

We affirm.

In May 2013, Baston entered into a plea agreement pursuant to which he pleaded guilty to class D felony domestic battery under cause number 85D01-1210-FD-830 (FD-830) and class A misdemeanor invasion of privacy under cause number 85D01-1212-CM-1079 (CM-1079). Under the terms of the plea agreement, Baston would be sentenced on FD-830 to 2 ½ years, with all but 180 days suspended. On CM-1079, Baston would be sentenced to a 270-day executed term, and the sentences under both causes would be served consecutively. Thus, Baston received an aggregate executed sentence of 450 days, followed by 2 years of formal probation. The trial court accepted the plea agreement on May 23, 2013. As a condition of his probation, Baston was ordered not to commit any new offenses.

On August 9, 2013, Nicki Soos, Timothy Spriggs, and Joshua Dingess were at Dingess's home in North Manchester. The group was on the back porch when Baston showed up and started "going off" because he believed that someone had stolen his beer. *Supplemental Transcript* at 6. Baston then "sucker punched" Dingess, leaving him with a bruised eye and swollen forehead. *Id.*

On August 16, 2013, the State filed a petition to revoke Baston's probation alleging that Baston had violated his probation by, among other things, committing battery. A fact-finding hearing was conducted on October 9, 2013, at the conclusion of which the trial court found that Baston had violated his probation. At a subsequent dispositional hearing, the trial court ordered Baston to serve the balance of his suspended sentence. Baston now appeals.

1.

Baston first argues that the State presented insufficient evidence to support the revocation of his probation. A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907 (Ind. Ct. App. 2007). It is well settled that the violation of a single condition of probation is sufficient to support revocation. *Gosha v. State*, 873 N.E.2d 660 (Ind. Ct. App. 2007).

Where a defendant is alleged to have violated probation by committing a new offense, the State need not show that the defendant was convicted of a crime to support the revocation of probation. *Lightcap v. State*, 863 N.E.2d 907. "Although an arrest standing alone does

3

not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law, revocation of probation is permitted." *Id.* at 911.

On appeal, Baston argues that the State presented insufficient evidence to establish that he committed the new offense of battery because the testimony against him was not credible. In other words, Baston invites us to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal. In this case, the victim and two eyewitnesses testified that Baston punched Dingess in the head without provocation. This evidence was more than sufficient to support the revocation of his probation.

2.

Next, Baston argues that the trial court erred in declining to award him credit for time served prior to his sentencing on the underlying battery. Specifically, Baston asserts that he was incarcerated from October 1, 2012 until May 23, 2013—a period of 234 days. Baston notes that he was initially required to serve only 180 days on FD-830, and argues that he should consequently have received 54 additional days of credit toward his 2-year suspended sentence for the time he served prior to his sentencing.

As an initial matter, we agree with the trial court's conclusion that Baston should have raised his argument concerning credit for time served either at the time of his sentencing or on direct appeal. Moreover, we agree with the State's argument that Baston failed to present a sufficient record on appeal. This court has often noted that a defendant may waive a claim

4

of entitlement to credit time by failing to present this court with sufficient information to determine the issue. *Brattain v. State*, 777 N.E.2d 774 (Ind. Ct. App. 2002). Aside from his own assertions, Baston has not directed our attention to any evidence supporting his claim that he was incarcerated from October 1, 2012 until May 23, 2013. Nor has he provided any evidence to establish that the entirety of his incarceration was for the offenses charged in FD-830 and CM-1079. We have held under similar circumstances that a defendant failed to carry his burden of demonstrating that the trial court erred in denying a request for credit for time served. *See id.* (concluding that the defendant had not satisfied his burden where he failed to present any documentation to support his assertions regarding the amount of time he had spent on work release and house arrest).

In any event, Baston fails to acknowledge that at the time he pleaded guilty to class D felony domestic battery in FD-830, he also pleaded guilty to class A misdemeanor invasion of privacy under CM-1079. Pursuant to the plea agreement, Baston was to serve consecutive, executed terms of 180 days on FD-830 and 270 days on CM-1079. Thus, Baston received an aggregate executed sentence of 450 days, not 180 days as he claims. We will not speculate on appeal as to whether Baston earned all available good time credit. *See* Ind. Code Ann. § 35-50-6-3 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014) (providing that "[a] person assigned to Class I earns one (1) day of credit time for each day the person imprisoned for a crime awaiting trial or sentencing"); I.C. § 35-50-6-5 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates

5

through May 1, 2014) (listing circumstances under which a person may be deprived of credit time). Moreover, the plea agreement provided that the sentences under FD-830 and CM-1079 would be served consecutive to Baston's sentence on a case out of Madison County for which he was on parole. For all of these reasons, on the record before us, we cannot say that Baston was entitled to additional credit for time served prior to his sentencing.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.