**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2014, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JONATHON T. COOK**
Sansberry Dickmann Freeman Builta & Cook
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SAMUEL CURTS,                          )
                                       )
    Appellant-Defendant,              )
                                       )
          vs.                    )      No. 48A04-1312-CR-615
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.               )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48E01-0608-FD-319

**August 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Samuel Curts appeals the revocation of his probation, arguing that the evidence is insufficient to support three of the ten violations of the conditions of probation. Because the seven remaining violations support revocation, we affirm.

Curts pled guilty to class D felony operating while intoxicated and was sentenced to three years, with eighteen months suspended to probation. When Curts was on probation, the State filed a notice of probation violation alleging that he violated ten conditions of probation. The trial court found that he violated the conditions of probation as alleged and revoked his probation.

On appeal, Curts argues that there is insufficient evidence to support three violations.[1] "[P]robation is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). "The decision to revoke probation is within the sole discretion of the trial court." *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). "When there is proof of a single violation of the conditions of probation, the court may revoke probation." *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*; Ind. Code § 35-38-2-3(a).

Assuming, without deciding, that the three violations challenged by Curts are unsupported by sufficient evidence, seven violations remain. These include the commission of new criminal offenses including two counts of class D felony operating a vehicle as a habitual traffic violator and class A misdemeanor operating while intoxicated. Based upon these violations, we affirm the revocation of Curts's probation. *See Hubbard v. State*, 683

---

[1] The State did not file a brief in this appeal.

N.E.2d 618, 622 (Ind. Ct. App. 1997) (error in revoking defendant's probation on ground not stated in State's notice of probation violation was harmless where other grounds supported revocation).

Affirmed.

BAKER, J., and BARNES, J., concur.