## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 20 2015, 8:43 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daquion L. Shears, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 20, 2015 <br><br> Court of Appeals Case No. 02A05-1501-CR-31 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Judge <br><br> Trial Court Cause No. 02D04-1402-FD-170 |

**Crone, Judge.**

# Case Summary

Daquion L. Shears appeals the trial court's revocation of his probation. Shears claims that he was not afforded adequate due process during the revocation hearing and that the evidence was insufficient to support the revocation. Finding that he was afforded adequate due process and that the evidence was sufficient, we affirm.

# Facts and Procedural History

On July 3, 2014, Shears pled guilty to class D felony criminal recklessness and class A misdemeanor carrying a handgun without a license in the current case, number 02D04-1402-FD-170 ("Cause FD-170"). As part of the partially-suspended two-year sentence imposed for those crimes, Shears was ordered to serve a one-year term of probation beginning on October 8, 2014. On October 17, 2014, the State filed a petition for probation revocation alleging that Shears battered the mother of his child and failed to report for supervision as instructed. The State subsequently filed an amended petition for probation revocation on November 7, 2014, alleging that Shears also committed the offenses of level 6 felony auto theft, class B misdemeanor false informing, class B misdemeanor possession of marijuana, and class C misdemeanor operating a vehicle without ever receiving a license. Formal criminal charges were filed for those crimes on November 13, 2014, under cause number 02D06-1411-F6-408 ("Cause F6-408").

Cause F6-408 proceeded to jury trial on January 6, 2015. The jury found Shears not guilty of auto theft, but guilty of false informing and operating a vehicle without ever receiving a license. The possession of marijuana charge was dismissed. Immediately following the jury trial, the trial court held a consolidated hearing to determine sentencing in Cause F6-408 and probation revocation in Cause FD-170. Upon motion by the State, and without objection from Shears, the trial court took judicial notice of Shears's convictions in Cause F6-408 and incorporated all the evidence from the jury trial into the revocation proceedings. Based upon the incorporated evidence, the trial court concluded that Shears violated his probation and ordered him to serve one year of his previously suspended sentence in Cause FD-170. Shears appeals the revocation of his probation.

## Discussion and Decision

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. We neither reweigh evidence nor reassess witness credibility, and we consider only the evidence favorable to the trial court's judgment. *Id*. If there is

substantial evidence to support the trial court's decision that a probationer has violated any terms of probation, we will affirm the decision to revoke probation. *Id.*

## Section 1 – Shears was afforded adequate due process.

We first address Shears's claim that he was denied procedural due process during his revocation hearing. Probation revocation is a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* Although probationers are not entitled to the full spectrum of constitutional rights afforded to a defendant in a criminal trial, there remain some due process limits on the revocation of probation. *Id.* The minimum requirements of due process that are afforded to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body. *Id.*; *see also* Ind. Code § 35-38-2-3(f) (providing that, absent waiver, a probationer is entitled to a revocation hearing in open court, confrontation, cross-examination, and representation by counsel).

Shears acknowledges that he received written notice of his alleged violations of probation, but claims that he was not afforded the additional due process

protections to which he was entitled. First, we note that, upon motion by the State at the outset of the consolidated sentencing and revocation hearing, and without any objection from Shears, the trial court took judicial notice of and incorporated all of the evidence from its prior proceeding in which Shears was found not guilty of level 6 felony auto theft, and guilty of class B misdemeanor false informing and class C misdemeanor operating a vehicle without ever receiving a license. We have held that this procedure does not violate due process. *See Lightcap v. State*, 863 N.E.2d 907, 910 (Ind. Ct. App. 2007) (revocation court may incorporate and admit testimony and evidence presented at prior criminal proceeding before same court); *Bane v. State*, 579 N.E.2d 1339, 1341-42 (Ind. Ct. App. 1991) (revocation court may take judicial notice of the outcome, i.e., a conviction, in a proceeding that had previously been before the same court), *trans. denied* (1992).

[7] Moreover, when a probationer admits to the probation violation, the procedural due process safeguards listed above and an evidentiary hearing are not necessary, and the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Woods*, 892 N.E.2d at 640. But, "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Id*. (citing *United States v. Holland*, 850 F.2d 1048, 1051 (5th Cir. 1988)).

[8] Our review of the record reveals that Shears both admitted to violating his probation and was given the opportunity to offer mitigating evidence. After the

trial court read the allegations of the revocation petition regarding Shears's commission of the new criminal offenses on the record and incorporated the evidence from the prior proceeding, defense counsel responded, "He was acquitted of the Felony. He was indeed convicted of the two (2) Misdemeanors, so I guess I'll leave it in the Court's discretion." Tr. at 125-26.

[9] We view defense counsel's statement as an admission by Shears that he violated the conditions of his probation by committing, at the very least, two new crimes, and therefore the procedural due process safeguards noted above were not necessary and the trial court could proceed to the second step of the analysis and determine if the violation warranted revocation. *See Parker v. State*, 676 N.E.2d 1083, 1086 (Ind. Ct. App. 1997) (probation revocation hearing is a civil proceeding, and a probationer is bound by the admissions and actions of his attorney, just as any civil litigant would be). We also view counsel's statement as a knowing decision by Shears to forgo offering mitigating evidence regarding his commission of these crimes, despite the opportunity to do so, and to instead acquiesce to the discretion of the trial court regarding whether his violations warranted revocation. Further, as we will discuss more fully below, when the trial court proceeded to consider the incorporated evidence and find by a preponderance of that evidence that Shears also committed auto theft, Shears

again offered no mitigating evidence suggesting that revocation was unwarranted based upon his commission of that crime.[1]

[10] Although Shears makes much ado about the informality of his revocation hearing, "[j]udicial economy mandates that some flexibility be taken in the probation revocation proceedings." *Lightcap*, 863 N.E.2d at 911. Indeed, due process "'is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed.'" *Id*. (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973)). Here, Shears was afforded the full array of due process rights at his criminal trial and, during the consolidated proceeding that followed immediately thereafter, he admitted to the violation of his probation and acquiesced to the procedures employed by the trial court. Under the circumstances, we cannot say that Shears was denied procedural due process.

## Section 2 – The State presented sufficient evidence to support the probation revocation.

[11] Shears maintains that the evidence was insufficient to support the trial court's revocation of his probation. Because a probation revocation is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). In determining whether sufficient evidence supports a probation revocation, we

---

[1] We note that Shears makes no attempt on appeal to explain any of his probation violations or to point to evidence in mitigation.

apply the same standard as with any other sufficiency matter. *Martin v. State*, 813 N.E.2d 388, 389 (Ind. Ct. App. 2004). We consider only the evidence most favorable to the State, along with the reasonable inferences to be drawn therefrom. *Id*. If a person on probation commits another crime, the trial court may revoke probation. *See* Ind. Code § 35-38-2-1(b).

[12]    It is well settled that the State need not demonstrate that the probationer was convicted of a new crime. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Rather, the State need only demonstrate the commission of that new crime by a preponderance of the evidence. *See Heaton*, 984 N.E.2d 614, 617 (Ind. 2013). The evidence presented at the jury trial and incorporated into the revocation hearing indicated that police found Shears in possession of a vehicle that had been reported stolen. Loren Allen, the owner of the vehicle, testified that Shears took her car without her permission and that Shears deprived her of the use of her car for more than one day. Thus, although Shears was acquitted of auto theft pursuant to a beyond-a-reasonable-doubt standard applicable during the jury trial, the incorporated evidence was sufficient to support the trial court's conclusion that Shears committed the offense pursuant to a preponderance-of-the-evidence standard applicable in probation revocation proceedings.[2] Further, the incorporated evidence of his convictions for the two misdemeanor offenses beyond a reasonable doubt,

---

[2] A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of the vehicle's value or use commits level 6 felony auto theft. Ind. Code § 35-43-4-2.5.

coupled with his admission to committing the same, is more than sufficient to support the revocation of his probation.

[13] Shears argues that the State failed to "present any evidence" that he violated his probation by committing new crimes because the State failed to introduce the amended petition for probation revocation or the specific conditions of his probation into evidence at the revocation hearing. Appellant's Br. at 7. We note that the trial court read the allegations of the amended revocation petition on the record at the outset of the hearing, and Shears cites no authority, and we are unaware of any, that requires more. Also, the condition that a defendant on probation refrain from criminal conduct is imposed by law, even in the absence of any express condition of probation imposed by the court. *Lucas v. State*, 501 N.E.2d 480, 481 (Ind. Ct. App. 1986). Shears's arguments are unsupported and unpersuasive. The State presented sufficient evidence to support the trial court's revocation of probation. The trial court's revocation of Shears's probation is affirmed.

[14] Affirmed.

May, J., and Bradford, J., concur.