## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Apr 18 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Idowa Dontray Hood,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 18, 2016<br><br>Court of Appeals Case No.<br>48A02-1509-CR-1382<br><br>Appeal from the Madison Circuit<br>Court.<br>The Honorable David A. Happe,<br>Judge.<br>Cause Nos. 48C04-1306-FC-1236,<br>48C04-9710-CF-210 |

**Friedlander, Senior Judge**

[1]     Idowa Dontray Hood appeals from the trial court's order revoking his
        probation in two cause numbers and imposing his previously suspended
        sentence, contending that there is insufficient evidence to establish that he
        possessed a firearm.  We affirm.

[2] In 1998, Hood pleaded guilty to one count of class B felony burglary for which he received an eight-year sentence, with two years suspended to probation under cause number 48C04-9710-210. In 2014, Hood pleaded guilty to one count of battery resulting in bodily injury and one count of invasion of privacy, each Class A misdemeanors, in cause number 48C04-1306-FC-1236. In 1236, Hood received consecutive one-year sentences suspended to probation, to be served consecutively to his probation in 210.

[3] In July 2015, Hood was serving his probation under 210, but had not yet begun to serve his probation in 1236. Execution of Hood's probation in 210 was delayed due to a subsequent conviction for arson, as well as a prior probation violation in 210 and the arson case. *See Hood v. State*, No. 48A02-1309-CR-828 (Ind. Ct. App. May 28, 2014).

[4] On July 16, 2015, additional officers were requested to assist in the investigation of a white Chevrolet van that had been in involved in a "hit/skip" accident. Tr. pp. 8-9. Officer Gabe Bailey responded to the request for assistance. When he arrived at the scene, he observed that an officer had the driver of the van out of the vehicle. He also observed Hood seated in the front passenger seat of the van. Hood had been named as a suspect in the shooting of a dog a few days earlier.

[5] The paper license plate on the van was visibly altered, expired, and was registered to a different vehicle, a Buick. During an inventory of the van,

officers found a .44 caliber revolver containing one live round and one spent casing under the front passenger seat where Hood had been sitting.

[6] Hood was arrested for possession of the gun. After he was arrested, he asked to speak to a detective about the incident involving the recent shooting of a dog. He received his *Miranda* warnings from Detective Norman Rayford, then admitted to possessing a handgun during the July 12, 2015 incident involving the dog, maintaining that he shot the dog in self-defense. Hood denied that the handgun found under the seat of the van was his, though, claiming that he came into contact with the gun found under his seat at the time of the traffic stop when he reached down to hide a beer from officers. Hood did, however, admit that he owned .44 caliber ammunition.

[7] The Madison County Probation Department filed notices of probation violation under both 1236 and 210 on July 24, 2015. The notices alleged that Hood had violated the terms of his probation by committing the new criminal offense "Unlawful Possession of a Firearm by a Serious Violent Felon[], as filed in Madison County Circuit Court, Division IV under cause numbers(s): 48C04-15007-F4-001102." Appellant's App. p. 115. A combined hearing on the alleged violations was held on August 17, 2015 at the conclusion of which the trial court found that Hood had violated the terms of his probation under both causes. When asked by defense counsel if the court was "finding that it happened as specifically alleged," the trial court responded that it was "finding the violation as stated." Tr. p. 23. The trial court revoked Hood's probation and ordered Hood's aggregate sentence of two years under 1236 be executed in

the Department of Correction. The trial court's order states that on the evidence presented the trial court found Hood had "violated the conditions of his probation as alleged." Appellant's App. p. 16. Hood now appeals.

[8] A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907 (Ind. Ct. App. 2007). It is well settled that the violation of a single condition of probation is sufficient to support revocation. *Gosha v. State*, 873 N.E.2d 660 (Ind. Ct. App. 2007).

[9] Where a defendant is alleged to have violated probation by committing a new offense, the State need not show that the defendant was convicted of a crime to support the revocation of probation. *Lightcap v. State*, 863 N.E.2d 907. "Although an arrest standing alone does not necessarily support a revocation of probation, where there is evidence submitted at the hearing from which the trial court could find that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law, revocation of probation is permitted." *Id.* at 911.

[10]    Possession of a firearm may be actual or constructive. *Causey v. State*, 808 N.E.2d 139 (Ind. Ct. App. 2004). Here, the issue is whether Hood constructively possessed the handgun found under his seat in the van. We will find that constructive possession occurs when the person has the intent and capability to maintain dominion and control over the firearm. *Id.*

[11]    With respect to intent to commit this offense, the State is required to demonstrate the defendant's knowledge of the presence of the firearm. *Id.* Testimony at the hearing established that Hood was aware of the presence of the firearm. He told Detective Rayford that he came into contact with the gun when he reached under the passenger seat of the van to hide a beer from police officers during the traffic stop. The evidence is sufficient to establish the element of intent.

[12]    As for the ability to establish a defendant's dominion and control over a firearm, several types of evidence may be used. Among those types of evidence are: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) proximity of the firearm to the defendant; (4) location of the firearm within the defendant's plain view; and (5) the mingling of a firearm with other items owned by the defendant. *Id.* Additionally, the State must also present evidence demonstrating a defendant's capability to exercise control over the firearm, including the ability to reduce the firearm to his or her personal possession or to direct its disposition or use. *Id.* It bears repeating that our review of a probation revocation is to ensure that the trial court correctly found

that an arrest was reasonable and that there is probable cause for belief that the defendant violated a criminal law. *Lightcap v. State*, 863 N.E.2d 907.

[13] Although the evidence at the hearing established that Hood did not have exclusive dominion and control of the white van in which the firearm was found, did not attempt to flee, or like the facts in *Causey*, make furtive gestures, other evidence supports the trial court's finding. Shortly after his arrest for possessing the handgun, Hood asked to speak with a detective, and admitted that he had shot at a dog, just four days before. He also admitted that he owned .44 caliber ammunition. The firearm, which contained one live shell and one spent casing, was located underneath Hood's seat in the van. Additionally, Hood stated that he made contact with the firearm during the traffic stop.

[14] Hood's explanation that he shot the dog in self-defense and that the firearm underneath his seat of the van was not his was before the trial court and rejected. We will not reweigh the evidence or reassess the credibility of witnesses. *Mateyko v. State*, 901 N.E.2d 554. There is sufficient evidence to establish by a preponderance of the evidence that Hood had committed the offense of unlawful possession of a firearm by a serious violent felon by constructive possession.

[15] Judgment affirmed.

Bailey, J., and Mathias, J., concur.