## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kent R. Blair, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 26, 2016 <br><br> Court of Appeals Case No. <br> 02A03-1604-CR-833 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy W. Davis, Judge <br><br> Trial Court Cause No. <br> 02D04-1407-F6-6 |

**Crone, Judge.**

# Case Summary

[1] Kent R. Blair, Sr. appeals the revocation of his probation. He challenges the sufficiency of the evidence to support a finding that he violated his probation and the trial court's decision to remand him to the Department of Correction ("DOC") for the remainder of his previously suspended term. Finding that the evidence is sufficient and the trial court acted within its discretion in executing his suspended sentence, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the judgment are as follows: Blair married Rhonda in 1999, and a son ("Son") was born of the marriage. The couple owned a residence on Scott Avenue ("the Property"). In 2012, Blair was convicted of strangulation and domestic battery, both as class D felonies, stemming from a domestic violence incident against Rhonda. In 2014, Rhonda sought and obtained a protective order against Blair. Shortly thereafter, Blair violated the protective order, pled guilty to level 6 felony invasion of privacy, and was sentenced to probation. Meanwhile, Rhonda filed a petition for marital dissolution. Blair was served but failed to appear for the dissolution hearing. As part of the 2015 dissolution decree, Rhonda was awarded the Property, for which the Allen County Commissioner issued her a quitclaim deed. State's Exs. 2, 4.

[3] At one point in 2015, Rhonda left the Property due to safety concerns involving Blair. In October 2015, Rhonda came to the Property to pick up some clothing.

When she attempted to unlock the door, she discovered that the locks had been changed. Blair and Son were inside. Blair told Rhonda to leave and claimed that he was the owner of the Property. Rhonda refuted his claim of ownership, ordered him to leave, and called the police. Blair and Son fled on foot before the police arrived.

[4] A similar incident occurred in November 2015, in which Rhonda attempted to enter the Property, discovered that the locks had again been changed, and found that Blair and Son were inside. This time, Blair and Son did not leave, and when Rhonda showed the responding officer her ownership papers, the officer kicked in the door and arrested Blair for violating the protective order and trespassing on Rhonda's property.

[5] After the November 2015 incident, the State filed a petition to revoke Blair's probation, citing as violations his commission of invasion of privacy and criminal trespass. At the close of the March 2016 revocation hearing, the trial court found that Blair had violated his probation by committing new criminal offenses and remanded him to the DOC to serve the two remaining years of his previously suspended sentence.

[6] Blair now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[7] Blair maintains that the trial court abused its discretion in revoking his probation. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*,

878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*. We review a trial court's probation violation determination using an abuse of discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

[8] Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id*.

## Section 1 – The evidence is sufficient to support a finding that Blair violated his probation.

[9] Blair first submits that the evidence is insufficient to support the trial court's determination that he violated his probation. Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). Proof of a single violation is sufficient to permit a

trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

[10] Here, the State alleged that Blair violated his probation by committing new criminal offenses. In the context of probation revocation, the State need not establish that the defendant was actually *convicted* of the new offense. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). However,

> [w]hen a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation. Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense.

*Jackson*, 6 N.E.3d at 1042 (citations and quotation marks omitted).

[11] In its revocation petition, the State alleged that Blair had violated his probation by committing new offenses, one of which was invasion of privacy. A person who knowingly or intentionally violates an ex parte protective order commits invasion of privacy. Ind. Code § 35-46-1-15.1(2). Blair admitted that he was aware of the protective order, which prohibited him from having contact, direct or indirect, with Rhonda. He knew that even though Rhonda had left the Property due to safety concerns, she frequented the Property. His action in changing the locks (twice) shows that he expected her to come to the Property. This evidence is particularly probative concerning the November incident, as

Rhonda had previously chased him away by calling the police during the October incident. Evidence of this single violation is sufficient to support a revocation of Blair's probation.[1] As such, we conclude that the trial court acted within its discretion in determining that Blair violated the terms of his probation.

## Section 2 – The trial court acted within its discretion in ordering the execution of Blair's remaining term.

[12] Blair also cites as error the trial court's decision to remand him to the DOC for the remainder of his previously suspended sentence. The trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188. Having concluded that Blair committed a probation violation, the trial court could impose one or more of the following sanctions: (1) continue Blair's probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[13] Pursuant to the statute, the trial court chose to order the execution of all of Blair's previously suspended term. Blair incorrectly characterizes the court's

---

[1] Because we find the evidence sufficient to support the trial court's finding that Blair committed invasion of privacy, we need not address his challenge to the sufficiency of the evidence concerning criminal trespass. Nevertheless, we note that his arguments concerning criminal trespass amount to invitations to reweigh evidence and reassess witness credibility, which we may not and will not do. *Ripps*, 968 N.E.2d at 326.

action as a "sentencing" decision and proceeds to analyze the nature of his offense and his character. *See* Ind. Appellate Rule 7(B) (authorizing appellate review and revision of "a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."). In *Prewitt*, 878 N.E.2d at 187-88, our supreme court emphasized that an Appellate Rule 7(B) analysis is not the correct standard to apply when reviewing a trial court's actions in post-sentence probation violation proceedings. Because "[a] trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule … [t]he review and revise remedy of [Rule] 7(B) is not available." *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008). Instead, we review the trial court's decision on sanctions for probation violations for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188.

[14] In conducting our abuse of discretion analysis, we note Blair's lengthy history of offenses against Rhonda as well as probation failures. This includes class D felony convictions in 2012 for strangulation and domestic battery in the presence of a child under age sixteen. When Blair was released from the DOC in 2013, he violated the terms of his probation, which resulted in a revocation within the ensuing six months. He was convicted of invasion of privacy twice in 2014, with both cases involving Rhonda. He was placed on probation, yet he twice went to the Property awarded to Rhonda, changed the locks, and occupied the premises. Simply put, Blair's pattern of violating protective orders

and probation terms is indicative of a person with no regard for the law. There is little reason to believe that he will discontinue this pattern absent incarceration. Based on the foregoing, we find no abuse of discretion in the trial court's choice of sanction. Accordingly, we affirm.

Affirmed.

Kirsch, J., and May, J., concur.