## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 14 2016, 9:09 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kraig Von Reese Brown, *Appellant-Defendant,* | November 14, 2016 |
| v. | Court of Appeals Case No. 48A02-1604-CR-751 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark Dudley, Jr., Judge |
| | Trial Court Cause No. 48D01-1103-FC-389 |

**Altice, Judge.**

**Case Summary**

[1] Kraig Von Reese Brown appeals the revocation of his probation, raising two issues on appeal:

1. Did the State present sufficient evidence to support the revocation of Brown's probation?

2. Did the trial court abuse its discretion in ordering Brown to serve the entirety of his previously suspended sentence?

[2] We affirm.

## Facts & Procedural History

[3] On November 29, 2011, Brown was sentenced to six years, with two years executed and four years suspended to probation for Class C misdemeanor operating a motor vehicle without ever receiving a license, Class A misdemeanor possession of marijuana, and Class C felony possession of methamphetamine. Brown was released to probation on October 28, 2014. As conditions of his probation, Brown was required to report to the probation department and not commit any new criminal offenses. Brown reported to the probation department only one time following his release. On December 17, 2014, the State filed a notice of probation violation based on his failure to report. Brown did not appear at the fact-finding hearing and a warrant was issued for his arrest.

[4] On September 11, 2015, Brown, who had yet to be arrested pursuant to the warrant, was involved in an altercation with his girlfriend during which he shot her in the leg outside a convenience store in Muncie. At the time, Brown's

girlfriend was twenty-two weeks pregnant with their second child. This shooting was captured on a surveillance video.

[5]     During the evening hours on January 20, 2016, officers from the Anderson Police Department (APD) helped execute a Delaware County arrest warrant that was issued following the September 11 incident. Detectives Norman Rayford and Michael Anderson located Brown and another known felon near Brown's mother's home in Anderson. The detectives were not in uniform, but were wearing black tactical vests with "police" on the front and back in bright white letters. Although it was dark, the detectives were standing directly under a street light when they made eye contact with Brown, who was approximately twenty feet away. When Detective Rayford verbally identified himself as a police officer and ordered Brown to stop, Brown and the other felon ran.

[6]     The detectives engaged in a foot pursuit, during which Detective Rayford saw Brown throw an object toward a house. Detective Rayford located the object, which was a handgun that was later traced to a recent burglary.

[7]     Detective Anderson, who was hindered by his rifle and had given up the chase, returned to his vehicle to secure his weapon. He then followed footprints in the snow and found Brown attempting to get into a shed. Detective Anderson was approximately ten feet from Brown when he turned on his flashlight and identified himself as a police officer and ordered Brown to stop. Brown ran again. Detective Anderson chased Brown, but lost sight of him when he ran onto a porch and crouched behind some furniture. Detective Anderson waited

for backup. When police shined a spotlight on the porch, Brown put his hands up and was taken into custody.

[8] On February 1, 2016, the State filed an amended notice of probation violation alleging that Brown (a) failed to timely report to the probation department; (b) on or about January 21, 2016, committed new criminal offenses of Level 4 felony unlawful possession of a firearm by a serious violent felon and Class A misdemeanor resisting law enforcement; and (c) on or about September 11, 2015, committed new criminal offenses of Level 3 felony aggravated battery, Level 5 felony battery resulting in bodily injury to a pregnant woman, and Level 5 felony battery by means of a deadly weapon. An evidentiary hearing was held on February 9, 2016.

[9] At the hearing, Brown admitted to the first alleged probation violation, explaining that he did not report to probation because he knew there were warrants for his arrest. With regard to the second and third alleged violations, the State presented the testimony of three APD officers who were involved in Brown's arrest on January 21, 2016, and a Muncie police officer who had viewed the surveillance video of Brown shooting his pregnant girlfriend. The trial court took judicial notice of its file and Brown's pre-sentence investigation report (PSI), which showed that he had a prior juvenile adjudication for robbery as a Class B felony if committed by an adult. The trial court then found by a preponderance of the evidence that Brown violated his probation by committing criminal offenses as alleged in (b) and (c). The trial court ordered Brown to serve the entirety of his previously suspended sentence in the Department of

Correction. Brown now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Sufficiency

[10] Brown first argues that the State presented insufficient evidence to support the revocation of his probation. We begin by noting that Brown admitted that he violated his probation by failing to report to the probation department. Based on this alone, the trial court had discretion to revoke his probation and impose sanctions. *See* Ind. Code § 35-38-2-3; *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007) (noting that a violation of a single condition of probation is sufficient to support revocation). Nonetheless, Brown argues that the State's evidence is insufficient to establish that he committed new crimes.

[11] A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007).

[12]     The State proved by a preponderance of the evidence that Brown committed resisting law enforcement. *See* Ind. Code § 35-44.1-3-1. As set forth above, in two different instances, Detective Rayford or Detective Anderson identified themselves as police officers and ordered Brown to stop; Brown fled each time.

[13]     The State also proved by a preponderance of the evidence that Brown committed unlawful possession of a firearm by a serious violent felon. *See* Ind. Code § 35-47-4-5. Brown's PSI, of which the trial court took judicial notice, showed that Brown had a previous adjudication for felony robbery, which is classified as a serious violent felony. *See id.* Further, Brown was more likely than not in possession of a handgun as evidenced by Detective Rayford's testimony that during the foot pursuit, he saw Brown throw an object, which was determined to be a handgun.

[14]     The State also established by a preponderance of the evidence that Brown committed aggravated battery, battery resulting in bodily injury to a pregnant woman, and/or battery by means of a deadly weapon. A Muncie police officer who had viewed the convenience store surveillance video testified that the video showed Brown shooting his pregnant girlfriend.

[15]     The State's evidence clearly established by a preponderance of the evidence that Brown committed new crimes while on probation. Brown's arguments to the contrary are blatant requests to reweigh the evidence, which we will not indulge. The trial court did not abuse its discretion in revoking Brown's probation.

## 2. Sanctions

Brown also argues that the trial court abused its discretion in ordering him to serve the entirety of his previously suspended sentence as a sanction for his probation violation. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id*. "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha*, 873 N.E.2d at 664; *see also* Ind. Code § 35-38-2-3(h).

Brown argues that "[a] one strike and you are back in prison philosophy is overly punitive and does nothing to give the offenders the assistance they need to reintegrate into society." *Appellant's Brief* at 22. We remind Brown that "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013).

Here, it is disingenuous to declare that Brown had only "one strike" against him. There were three alleged probation violations, including numerous criminal offenses stemming from separate incidents. Further, committing a new crime, especially a violent one, is the most serious probation violation. The trial court carefully considered the nature of the probation violations and aptly noted that Brown's "mistakes are worse than a lot of others" and that "public safety is at risk" from Brown. *Transcript* at 63. We agree with the trial court. Brown has shown that he is not suited for probation. Although he was a juvenile when originally sentenced in this case, he was twenty-two years old when the trial court sanctioned him. Brown has clearly demonstrated that adulthood has not improved his decision-making skills. The trial court did not abuse its discretion in ordering Brown to serve the entirety of his four-year suspended sentence.

Judgment affirmed.

Bradford, J., and Pyle, J., concur.