**Joseph M. MATEYKO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0809–CR–801.**

Court of Appeals of Indiana.

Feb. 19, 2009.

---

**2.** Further, we note that Father paid $1,135.60 of J.R.'s Ivy Tech tuition and purchased a used car for him.

Paul J. Pacior, Noblesville, IN, Attorney for Appellant.

## OPINION

MATHIAS, Judge.

The Hamilton Superior Court found that Joseph M. Mateyko ("Mateyko") violated a condition of his probation and revoked Mateyko's probation. Mateyko appeals and presents two issues, which we restate as:

I. Whether the trial court erred in admitting hearsay testimony into evidence at the probation revocation hearing; and

II. Whether the evidence was sufficient to support the trial court's decision to revoke Mateyko's probation.

We reverse.

### Facts and Procedural History

On October 13, 2005, the State charged Mateyko with three counts of Class B felony sexual misconduct with a minor and further alleged that Mateyko was a repeat sexual offender. On October 15, 2007, Mateyko pleaded guilty to one count of Class C sexual misconduct with a minor, and the trial court sentenced him to six years, with all but 1008 days suspended to probation.

On January 10, 2008, Mateyko's supervising probation officer, Joy Nunn ("Nunn"), was informed of an incident which had occurred at Mateyko's court-ordered therapy session. Specifically, Mateyko's therapist told Nunn that Mateyko "became agitated with her[,] and she was concerned about what actions he would take." Tr. p. 7. The therapist called Nunn after Mateyko: "stood up and used vulgar language towards the [therapist]. She asked [Mateyko] to leave, which he did. She asked him to leave because she felt unsafe [,] and so he left. She locked the doors but he remained outside her office for a period of time." Tr. p. 8–9. Mateyko also told the therapist, "F* *k off," and, "You cannot take my f* *king kids away from me." Tr. p. 9.

After this incident, on January 11, 2008, the State filed an Information of Probation Violation in which it alleged that Mateyko had violated the conditions of his probation. The trial court held a probation revocation hearing on May 15, 2008. At this hearing, the State called as its only witness probation officer Lynn Fishburn ("Fishburn"), who was not Mateyko's supervising probation officer. Fishburn did apparently have Mateyko's probation files

with her and testified regarding what Mateyko's supervising probation officer, Nunn, had told her. When Fishburn began to testify with regard to what the therapist had told Nunn, Mateyko objected to this testimony as hearsay. The trial court overruled his objection, and Fishburn proceeded to testify regarding what Nunn had told her and what the therapist had told Nunn. Mateyko testified on his own behalf and admitted that he had become "agitated" during his therapy session, but claimed that he had only done so because the therapist had told him that he could not have any contact with his children, which was permitted under the terms of his plea agreement. At the conclusion of the hearing, the trial court found that Mateyko had violated the terms of his probation and ordered that Mateyko serve the previously suspended portion of his sentence. Mateyko now appeals.

## Discussion and Decision

We first note that the State has declined to file an appellee's brief. The obligation of controverting arguments presented by the appellant properly remains with the State. *Bovie v. State,* 760 N.E.2d 1195, 1197 (Ind.Ct.App.2002). Thus, when the appellee does not submit a brief, the appellant may prevail by making a *prima facie* case of error, i.e. an error at first sight or appearance. *Id.* We are nevertheless obligated to correctly apply the law to the facts of the record to determine if reversal is required. *Id.*

Mateyko first claims that the trial court erred in admitting into evidence hearsay statements. Generally, decisions regarding the admission of evidence are left to the sound discretion of the trial court. *See State v. Seabrooks,* 803 N.E.2d 1190, 1193 (Ind.Ct.App.2004). When dealing with probation revocation hearings, we keep in mind that a defendant has no right to probation. *Reyes v. State,* 868 N.E.2d 438, 440 (Ind.2007). Instead, the trial court has discretion whether to grant probation, under what conditions, and whether to revoke it if conditions are violated. *Id.* Because of this, probationers do not receive the same constitutional rights that defendants receive at trial. *Id.* But once the State grants this favor, however, it cannot be revoked without certain procedural safeguards. *Cox v. State,* 850 N.E.2d 485, 488 (Ind.Ct.App.2006). Because probation revocation does not deprive a probationer of an absolute liberty, but only a conditional liberty, he is not entitled to the full due process rights afforded a defendant at a criminal trial. *Id.* Most relevant to the case before us, trial courts may admit evidence during probation revocation hearings which would not be permitted at a criminal trial. *Reyes,* 868 N.E.2d at 440 (citing *Cox v. State,* 706 N.E.2d 547, 550 (Ind.1999)).

Indeed, courts in probation revocation hearings may consider "any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay." *Cox,* 706 N.E.2d at 551 (footnote omitted). But our supreme court has recently emphasized that "[t]his does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." *Reyes,* 868 N.E.2d at 440. As explained in *Cox:*

> Judges are not, of course, bound to admit all evidence presented to the court. In fact, the absence of strict evidentiary rules places particular importance on the fact-finding role of judges in assessing the weight, sufficiency and reliability of proffered evidence. This assessment, then, carries with it a special level of judicial responsibility and is subject to appellate review.

706 N.E.2d at 551.

In *Reyes,* our supreme court adopted the "substantial trustworthiness" test for

admitting hearsay, as opposed to a balancing test that required the State to show good cause for the absence of a witness. 868 N.E.2d at 441. This test "requires that the trial court evaluate the reliability of hearsay evidence." *Id.* at 442. Once that determination has been made, the court need not "assess the relative weight of every reason the State might not care to produce a witness." *Id.* The *Reyes* court observed, "ideally, [the trial court should explain] on the record why the hearsay [is] reliable and why that reliability [is] substantial enough to support good cause for not producing ... live witnesses." *Id.* (quoting *United States v. Kelley*, 446 F.3d 688, 692 (7th Cir.2006)).

In the present case, we first note that we are not dealing with simple hearsay. Instead, we are dealing with "triple-hearsay," i.e. hearsay within hearsay within hearsay.[1] The witness, Fishburn, testified regarding what Mateyko's probation officer, Nunn, told her regarding what Mateyko's therapist told Nunn regarding what Mateyko said to her. Importantly, there is no indication in the record that the trial court explained why hearsay within hearsay within hearsay was reliable or why any reliability was substantial enough to support good cause for not producing a live witness. *See Reyes*, 868 N.E.2d at 442.

Instead, the State relied solely upon the testimony of a witness, Fishburn, who had no direct involvement with Mateyko or the events which the State alleged constituted a violation of the terms of his probation. Indeed, Fishburn was removed by several steps from the events at issue. Under these particular facts and circumstances, we conclude that Mateyko has at least

established *prima facie* error. We emphasize that the obligation of controverting arguments presented by the appellant properly remains with the State, not this court. *Bovie*, 760 N.E.2d at 1197. We therefore conclude that the trial court erred in the admission of this hearsay evidence. *See Carden v. State*, 873 N.E.2d 160, 164 (Ind.Ct.App.2007) (probation officer's hearsay testimony regarding a "mapping system" which indicated that defendant had violated terms of his probation by being too close to daycare center held to be inadmissible because there was no showing of a substantial guarantee of its trustworthiness).

■ Although not separately delineating this argument in his brief, Mateyko does claim that, without the improperly-admitted hearsay evidence, the State failed to present sufficient evidence that he failed to comply with the condition of probation which the State alleged that he had violated.

■ In addressing this claim, we repeat that probation is not a right; instead, it is a matter of grace, which is a conditional liberty that is a favor. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind.Ct.App.2007). A probation revocation hearing is in the nature of a civil proceeding. *Id.* Therefore, the alleged violation need be proven only by a preponderance of the evidence. *Id.* We consider only the evidence most favorable to the judgment, and we will neither reweigh the evidence nor judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 954–55 (Ind.Ct.App.2005), *trans. denied.*

1. This could also be "double-hearsay," i.e. hearsay within hearsay. Mateyko's statements might not have been offered to prove the truth of the matter he asserted. Regardless, the remaining statements, i.e. Fishburn's testimony regarding what Nunn told her about what the therapist told her, were obviously offered to prove the truth of the matter asserted.

The trial court found that Mateyko violated condition 26 of the probation order, which required that he comply with certain special probation conditions for sex offenders. Among these was the following:

7. *You shall attend, actively participate in and successfully complete a court-approved sex offender treatment program as directed by the court or probation.* Prompt payment of any fees is your responsibility and you must maintain steady progress towards all treatment goals as determined by your treatment provider. Unsuccessful termination from treatment or noncompliance with other required behavioral management requirements will be considered a violation of your probation. You will not be permitted to change treatment providers unless the court gives you prior written approval.

Appellant's App. p. 20 (emphasis added). Mateyko now claims that there was no evidence that his behavior during the therapy session violated this condition of his probation.

The State's case rested almost entirely upon the triple-hearsay evidence presented by Fishburn. We note, however, that Mateyko objected only to the first piece of hearsay testimony given by Fishburn. Specifically, Mateyko objected to the State's question which elicited the following response from Fishburn: "the therapist had called after the defendant had stood up and used vulgar language towards the [therapist]. She asked [Mateyko] to leave, which he did. She asked him to leave because she felt unsafe[,] and so he left. She locked the doors but he remained outside of her office for a period of time." Tr. p. 8–9.

This portion of the testimony was the only particular part of the witness's testimony to which Mateyko objected on hearsay grounds. He did not ask that his objection be made continuing, and he did not repeat his objection to the remainder of the witness's testimony regarding what the therapist had said. In particular, Mateyko did not object to Fishburn's testimony that the therapist stated that Mateyko had told her to "f* *k off," and "you cannot take my f* *king kids." Tr. p. 9. However, Fishburn admitted that the therapist was incorrect to the extent that she told Mateyko that he could not have contact with his children, which was specifically permitted under the terms of his plea agreement. Tr. p. 15. Mateyko admitted to having become "agitated" with the therapist over the therapist's misunderstanding of Mateyko's ability to have contact with his children.

Without an appellee's brief from the State, Mateyko need only present a *prima facie* showing of error. Under this standard of review, we agree with Mateyko that the State failed to present sufficient evidence to show that he violated the above-mentioned condition of his probation. Although we obviously do not condone Mateyko's vulgar language, he was essentially correct in his assertion that he was not prohibited from seeing his children. We further note that this incident occurred during Mateyko's first therapy session. Under these facts and circumstances, we cannot say that Mateyko failed to "attend, actively participate in and successfully complete a court-approved sex offender treatment program." Appellant's App. p. 20. We therefore reverse the trial court's order finding that Mateyko had violated this condition of his probation.

Reversed.

BAILEY, J., and BARNES, J., concur.