Fred **FERRILL**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0812–CR–01113.

Court of Appeals of Indiana.

April 14, 2009.

Jeffrey A. Baldwin, Baldwin, Dakich & Maxwell, Indianapolis, IN, Attorney for Appellant.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Fred Ferrill appeals the trial court's order modifying the conditions of his probation. Ferrill argues that the trial court did not have the authority to make a sua sponte modification. Finding that the trial court did not have such authority because Ferrill has not violated the terms of his probation, we reverse.

### *FACTS*

Ferrill pleaded guilty to class C felony battery pursuant to a plea agreement that is not contained in the record on appeal. On August 5, 2004, the trial court sentenced Ferrill to eight years, with four years executed and four years suspended to probation. Originally, the executed portion of the sentence was to be served through Marion County Community Corrections at a work release facility. Ferrill was to be monitored by a global positioning system (GPS). The order of probation does not include GPS monitoring as a special condition. The trial court later commented that the August 5, 2004, commitment to Community Corrections indicated that "[f]ollowing completion of the executed portion of the sentence, the Defendant will be placed on probation for four years with the following special conditions: Defendant to remain on GPS monitoring." Tr. p. 4.

Subsequently, the parties were informed that Ferrill could not reside at a work release facility and be on GPS. The parties agreed to modify the executed portion of Ferrill's sentence to home detention with GPS. The agreed entry signed by all parties is not included in the record on appeal, but the trial court stated that the document indicated "that following completion of the executed portion of the sentence, the Defendant will be placed on probation for four years with the following special conditions: Defendant to remain on GPS monitoring...." *Id.* at 3. The September 21, 2004, order entered by the trial court following the agreed entry provides that

> the executed portion of defendant's sentence shall be modified to four years Home Detention through Community Corrections. The defendant shall continue on GPS monitoring through Community Corrections. In all other respects the Court's Entry of Judgment of Conviction and Sentencing shall remain as ordered on August 5, 2004.

Appellant's App. p. 20.

Ferrill successfully completed the terms of his executed sentence without violation and then reported to probation. According to Ferrill, when he reported to probation he was informed that the terms of his

probation had been modified to include GPS monitoring, though neither he nor his attorney had been present at any hearing that considered modification of probation.

On August 25, 2008, Ferrill filed a petition to clarify the conditions of his probation, stating, among other things, that the probation department was unable to produce an order of probation requiring GPS monitoring as a condition of probation. On September 24, 2008, the trial court held a hearing on the petition. Following the hearing, the trial court entered an order stating that "the defendant's conditions of probation shall not include GPS monitoring." Appellant's App. p. 22. The State did not appeal.

On November 6, 2008, the trial court sua sponte set the case for a hearing to review Ferrill's conditions of probation. At the November 12, 2008, hearing, the State presented no evidence and the probation department did not appear. The trial court stated that it believed GPS monitoring was always intended to be a condition of probation, as evidenced by the August 5, 2004, Community Corrections commitment, and opined that the omission of that condition on the order of probation was a clerical error. The court further emphasized the agreed entry signed by all parties that provided for GPS monitoring during Ferrill's probation. Ferrill's attorney insisted that GPS monitoring was never intended to be a condition of probation and told the trial court that there is no order of probation including it as a condition. The trial court found as follows: "The Court would show that due to the nature of the offense committed here, if it was not your intent, it is now the Court's intent that the Defendant be continued on GPS monitoring for the duration of the probationary period." Ferrill now appeals.

## DISCUSSION AND DECISION

▬ Initially, we observe that the State did not file an appellee's brief. "The obligation of controverting arguments presented by the appellant properly remains with the State." *Mateyko v. State*, 901 N.E.2d 554, 557 (Ind.Ct.App.2009). When, as here, the appellee fails to submit a brief, the appellant may prevail by making a prima facie case of error, i.e., an error at first sight or appearance. *Id.* Of course, we must still correctly apply the law to the facts of the record to determine if reversal is required. *Id.*

Here, although there is no written order encapsulating the trial court's directives regarding Ferrill's probation, we infer from the court's comments at the hearing that it had two alternative reasons for including GPS monitoring as a condition of Ferrill's probation. First, the trial court did not believe it was a modification of probation at all, inasmuch as it had allegedly been included as a probationary condition in the past. Second, the trial court found that, even if it was a modification, it was warranted.

▬ Turning first to the trial court's conclusion that GPS monitoring has always been a condition of Ferrill's probation, we observe that it is well established that when a person is placed on probation, "the person *shall* be given a *written statement* specifying ... the conditions of probation...." Ind.Code § 35–38–2–2.3(b)(1) (emphases added). Here, neither the trial court nor the probation department has given Ferrill a written statement indicating that GPS monitoring is a condition of his probation. The most recent order amending the terms of Ferrill's probation after the parties realized that he could not reside in Community Corrections and be on GPS monitoring simultaneously, states as follows:

the executed portion of defendant's sentence shall be modified to four years Home Detention through Community Corrections. The defendant shall continue on GPS monitoring through Community Corrections. In all other respects the Court's Entry of Judgment of Conviction and Sentencing shall remain as ordered on August 5, 2004.

Appellant's App. p. 20. This order modifies only the executed portion of Ferrill's sentence, providing that the original entry of judgment of conviction and sentencing—and, by extrapolation, the original order of probation—remain unchanged. Those orders did not include GPS monitoring as a special condition of probation. Therefore, we can only conclude that the trial court erroneously found that GPS monitoring was already a condition of Ferrill's probation.

■ Turning next to the trial court's conclusion that it had the authority to sua sponte modify the conditions of Ferrill's probation, we observe that Indiana Code section 35–38–2–1(b) seems to indicate that a trial court may modify the conditions of probation "at any time." A panel of this court, however, has observed that "the cases discussing the trial court's power to modify the conditions at any time involve defendants who are in court on a petition to revoke probation." *Jones v. State*, 789 N.E.2d 1008, 1011 (Ind.Ct.App.2003), *trans. denied.* The *Jones* court ultimately concluded that a trial court is without authority to modify the terms of a defendant's probation unless the defendant first violates the conditions of his probation, "[e]ven though the additional conditions arguably are reasonably related to the rehabilitation of the Defendant[.]" *Id.* at 1012.

Here, there has been no allegation that Ferrill has violated any term of his probation. Instead, the trial court sua sponte

set the hearing and sua sponte modified Ferrill's probationary terms. Pursuant to *Jones*, the trial court was without the authority to take that action.

As stated above, without an appellee's brief from the State, Ferrill need only present a prima facie showing of error. Under this standard of review, we agree with Ferrill that the trial court erred by adding GPS monitoring as a condition of Ferrill's probation.

The judgment of the trial court is reversed.

MAY, J., and BARNES, J., concur.