**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSHUA WOTOWIEC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1111-CR-609 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F07-1106-CM-46490

**July 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Joshua Wotowiec (Wotowiec), appeals his conviction for carrying a handgun without a license, a Class A misdemeanor, Ind. Code § 35-47-2-1.

We affirm.

## ISSUE

Wotowiec raises the following issue on appeal: Whether Wotowiec was denied effective assistance of trial counsel.

## FACTS AND PROCEDURAL HISTORY

On June 27, 2011, Indianapolis Police Officer Malachi West (Officer West) was dispatched to a trailer park lot located at 3023 W. Morris Street, Indianapolis, Indiana, in response to a report of a loud party and the presence of a person with a handgun. According to the radio dispatch, the person with the handgun was a white male named Josh who wore a black colored shirt. Officer West pulled his vehicle into the trailer park and observed five people on the front porch of a trailer and one male, later identified as Wotowiec, wearing a black shirt run into the trailer. Officer West then approached the trailer and patted down everyone on the porch for weapons.

Officer West requested permission from Traci Denis (Denis), who lived at the trailer, to enter and search for Wotowiec, asking her why he had acted suspiciously. After initially objecting, she gave permission. Officer West entered the trailer and found Wotowiec in the back bedroom, wearing a black shirt and lying face down on a bed with the lights off. Wotowiec's eyes were closed and one of his arms hung off the side of the

2

bed, while the other arm was near the mattress. After asking Wotowiec to stand up, Officer West patted him down for weapons. Officer West found a magazine and loose bullets along with a loaded magazine in Wotowiec's pockets. Officer West also found a loaded gun hidden between the mattress and boxspring. Wotowiec was then handcuffed. Although he initially denied ownership of the gun, after receiving *Miranda* warnings, Wotowiec explained that someone had given the gun to him earlier. Unable to verify Wotowiec's story, Officer West arrested him.

On June 29, 2011, the State filed an Information charging Wotowiec with Count I, carrying a handgun without a license, I.C. § 35-47-2-1. On November 1, 2011, a bench trial was conducted. During Officer West's testimony, Wotowiec's counsel made a motion to suppress from the search and seizure of his person, arguing that it was the result of an invalid, warrantless search. In particular, Wotowiec's counsel argued that Officer West coerced Denis into allowing entry into the trailer. The State responded that Wotowiec lacked standing to challenge the search since he did not live at or own the trailer. The trial court denied the motion because Denis testified that she permitted Officer West to enter the trailer after he explained why he was there. Later, during closing argument, Wotowiec's counsel reiterated the ground for his motion to suppress and trial court denied the motion, finding Wotowiec guilty as charged. Specifically, the trial court stated that:

> the 911 call was made at a person with a handgun, the description matched the defendant, the officers had the homeowner's permission to enter the residence. Defendant was found in the bedroom, patted down for officer safety since the run was a person with a gun. He found ammunition […]

two inches away from where the defendant's right hand had been[.]  I think the officer had uh, given the nature of the call, had the right to search the immediate area for the weapon.

(Transcript pp. 36).    The trial court thereafter sentenced Wotowiec to 365 days incarceration with 361 days suspended to probation.

Wotowiec now appeals.  Additional facts will be provided as necessary.

DISCUSSION AND DECISION

We first note that the State did not file an appellate brief.  The obligation of controverting arguments presented by the appellant properly remains with the State. *Matekyo v. State*, 901 N.E.2d 554, 557 (Ind. Ct. App. 2009), *trans. denied*.  Where, as here, the appellee fails to submit a brief, the appellant may prevail by making a *prima facie* case of error, *i.e.*, an error at first sight or appearance.  *Id*.  Still, we must correctly apply the law to the facts of the record to determine if reversal is required.  *Id*.

I. *Standard of Review*

Wotowiec's sole argument on appeal is that he was denied the effective assistance of trial counsel by counsel's failure to argue suppression of the handgun.  Ordinarily, a post-conviction proceeding is the preferred forum for ineffective assistance of counsel claims; raising the claim on direct appeal forecloses relitigation of the claim in a petition for post-conviction relief.  *Woods v. State*, 701 N.E.2d 1208, 1219 (Ind. 1998), *cert. denied*, 528 U.S. 861 (1999).

4

Ineffective assistance of counsel claims are subject to the two-part test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Our supreme court has summarized the relevant requirements of this two-part test:

> First, a defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as counsel guaranteed to the defendant by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, meaning a trial where the result is reliable. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption.

*Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010).

Wotowiec asserts that his trial counsel's performance was deficient and prejudicial because the charges resulted in a conviction. Specifically, Wotowiec contends that he was subjected to an invalid investigatory stop. Because Officer West lacked reasonable suspicion to conduct an investigatory stop and the subsequent pat-down search, Wotowiec argues that Officer West obtained the gun as the result of an illegal search under the Fourth Amendment to the United States Constitution. Wotowiec claims that a challenge to the investigatory stop was meritorious, supported by the evidence, and would have prevailed if raised.

Apart from the failure to challenge the investigatory stop, however, Wotowiec asserts no other deficiency in his trial counsel's performance. Wotowiec makes no

5

argument that the purported deficiency was "so serious as to deprive the defendant of a fair trial, meaning a trial where the result is reliable." *Id*. Thus, Wotowiec's argument rests solely upon whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. The success of Wotowiec's argument under *Strickland* ultimately depends upon the success of his challenge to Officer West's investigatory stop.

## II. *Investigatory Stop*

In *Terry v. Ohio*, 392 U.S. 1, 30 (1968), the United States Supreme Court held that, consistent with the Fourth Amendment, the police can briefly detain a person for investigatory purposes if the officer has a reasonable suspicion of criminal activity. *Terry* also permits a police officer to conduct a limited pat-down search of a suspect's outer clothing to search for a weapon. *Wilson v. State*, 670 N.E.2d 27, 29 (Ind. Ct. App. 1996). Reasonable suspicion entails some minimum level of objective justification for making the stop; something more than an inchoate and unparticularized suspicion or hunch, but less than the suspicion required for probable cause. *Id*. We examine the totality of the circumstances to determine whether the officer had a particularized and objective basis for suspecting criminal activity. *See id*.

Wotowiec contends that Officer West had no reasonable suspicion that he was involved in criminal activity and thus had no reason to stop him. In light of the radio dispatch report and Officer West's testimony, Wotowiec asserts that the stop could only have been founded upon Officer West's concerns of personal and public safety, which,

6

standing alone, is an insufficient basis for a *Terry* stop. *See State v. Atkins*, 834 N.E.2d 1028, 1033 (Ind. Ct. App. 2005), *trans. denied*. First, Wotowiec notes that the dispatch reported only that a person with a gun was at the trailer; it did not contain mention of any shots fired or any threats made. Next, Wotowiec asserts that the possession of a handgun is not necessarily a crime, and Officer West testified that he requested entry to the trailer out of concerns for everyone's safety. Thus, Wotowiec contends that his detention was based solely upon Officer West's concerns for safety, rather than a reasonable suspicion of criminal activity.

Wotowiec's argument ultimately fails because it omits details of Wotowiec's behavior upon Officer West's approach to the trailer. While officer safety, standing alone, is an insufficient basis to justify an investigatory stop, where otherwise objective facts trigger reasonable suspicion, the officer's safety concerns then existing do not otherwise negate justification for the stop. Instead, "an officer's subjective motivation for a search is measured against an objective standard of reasonableness." *State v. Schlechty*, 926 N.E.2d 1, 7 (Ind. 2010), *cert. denied,* 131 S.Ct. 934, 178 L.Ed.2d 776 (2011).

Although the report contained no information that a shooting had occurred, the report specifically communicated that a male, named Josh, was at the trailer wearing a black shirt and possessing a gun. As Officer West approached in his marked police car, he saw a male wearing a black shirt run into the trailer. Under certain circumstances, "[f]light from properly identified law enforcement officers is sufficient to justify an

investigatory stop." *Wilson*, 670 N.E.2d at 30. Consequently, the radio dispatch and Wotowiec's behavior following Officer West's arrival furnished the specific reasonable inferences required to conduct the *Terry* stop and frisk. The fact that the specific individual about whom Officer West received a report exhibited evasive behavior upon Officer West's arrival was sufficient to cause an ordinarily prudent person to believe that criminal activity had or was about to occur. *See id*. Considering the totality of the circumstances, the facts then known to Officer West were sufficient to create a reasonable suspicion of criminal activity. Thus, we find Wotowiec's argument on appeal insufficient to establish *prima facie* error insofar as a challenge to the investigatory stop would not have prevailed even if his trial counsel raised it at trial. Accordingly, Wotowiec did not receive ineffective assistance of counsel.

## CONCLUSION

Based upon the foregoing, we conclude that Wotowiec was not denied effective assistance of counsel.

Affirmed.

NAJAM, J. and DARDEN, S. J. concur