## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 6:43 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dupree M. Steward, | February 16, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 27A02-1505-CR-405 |
| v. | Appeal from the Grant Superior Court |
| State of Indiana, | The Honorable Dana J. Kenworthy, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 27D02-0607-FB-136 |

**Altice, Judge.**

**Case Summary**

Dupree Steward appeals the revocation of his probation, raising two issues on appeal:

> I. Did the State present sufficient evidence to support the revocation of Steward's probation?

> II. Did the trial court abuse its discretion in ordering Steward to serve the entirety of his previously suspended sentence?

We affirm.

## Facts & Procedural History

On November 15, 2010, Steward pled guilty to class D felony possession of cocaine and class A misdemeanor possession of marijuana. He received an aggregate sentence of three years, with one and a half years executed and one and half years suspended to probation. The executed portion of Steward's sentence was to be served on home detention, subject to the approval and supervision of a community corrections program in either Grant or Marion County. In its sentencing order, the trial court gave Steward sixty days within which to seek admittance to such a program. If Steward had not begun serving his executed sentence on home detention within that time, he was ordered to appear before the trial court for review on January 24, 2011. Additionally, at the time of his sentencing, Steward received and signed an order imposing conditions of probation. In relevant part, those terms provided that Steward would not commit another criminal offense, would report to his probation officer as directed, would not possess or consume any controlled substances

unless prescribed by a physician, and would submit to drug screens as requested by his probation officer.

[4] The Grant County Probation Department filed a petition to revoke Steward's probation on February 4, 2011. The petition alleged that Steward had violated his probation by failing to appear for a scheduled meeting with his probation officer and by failing to provide his probation officer with an accurate address. On March 3, 2011, the Probation Department filed an addendum to the petition to revoke in which it alleged that Steward had also violated his probation by committing another criminal offense, class A misdemeanor driving while suspended. The addendum further alleged that Steward had failed to appear for his initial hearing on the new charge and, consequently, a warrant had been issued for his arrest.

[5] The trial court held a fact-finding hearing on the petition to revoke on March 14, 2011. The trial court found that Steward had violated the terms of his sentence and probation "by failing to follow through with Home Detention, failing to report for Court review date, failing to report for probation meetings, failing to keep his contact information current, failing to maintain contact with the Grant County Probation Department, [and] being charged with a new criminal offense[.]" *Appellant's Appendix* at 27. As a sanction, the trial court ordered Steward to serve the executed portion of his sentence in the Department of Correction instead of on home detention.

[6]     After serving the executed portion of his sentence, Steward was released to probation in November 2011. Upon his release, Steward's probation was transferred to Allen County. On March 23, 2012, the Probation Department filed a petition to revoke Steward's probation, this time alleging that he had violated the terms of his probation by testing positive for marijuana on February 14 and March 12, 2012. At a probation violation hearing held on April 23, 2012, Steward admitted to the violations and entered into an agreement with the trial court whereby he would complete twenty hours of community service and a drug and alcohol assessment in return for being allowed to continue on probation.

[7]     The Probation Department filed yet another petition to revoke Steward's probation on August 22, 2012, alleging that Steward had again tested positive for marijuana. A warrant was issued for his arrest, and when Steward spoke to his probation officer on the telephone, he indicated that he would be turning himself in. Steward, however, did not do so and ceased contact with the Probation Department. On October 1, 2012, the Probation Department filed an addendum to the petition to revoke in which it alleged that Steward had violated the terms of his probation by failing to report to probation and to a drug treatment provider and by missing a drug screen.

[8]     Steward's whereabouts were unknown until two and a half years later, when he was arrested in Allen County and charged with multiple offenses. When Steward posted bond and was released in Allen County, he was arrested on the outstanding warrant in this case.

[9] The trial court conducted a fact-finding hearing on the petition to revoke Steward's probation in this case on May 11, 2015. At that time, the State filed another addendum to the petition, alleging that Steward had violated the terms of his probation by committing new criminal offenses and by failing to report to probation since August 2012. At the hearing, Steward admitted to violating his probation. At the conclusion of the hearing, the trial court found that Steward had violated his probation by testing positive for marijuana in July 2012 and failing to report to probation since August 2012. As a result, the trial court revoked Steward's probation and ordered him to serve the entirety of his previously suspended sentence as a sanction. Steward now appeals.

## I. Sufficiency of the Evidence

[10] Steward first argues that the State presented insufficient evidence to support the revocation of his probation. A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). It is well settled that the violation of a single

condition of probation is sufficient to support revocation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

[11]     In light of Steward's admission to violating the terms of his probation, we find his claim that the evidence was insufficient to support the revocation of his probation puzzling, to say the least. Indeed, at the revocation hearing, Steward testified, "I was aware that I violated probation because I missed an appointment with a new probation officer that I'd received in Fort Wayne." *Transcript* at 12-13. He further admitted to being aware that a warrant had been issued for his arrest and that he ignored his probation officer's directive to turn himself in. This evidence was more than sufficient to support the trial court's finding that Steward violated his probation.

## II. Sanctions

[12]     Steward also argues that the trial court abused its discretion in ordering him to serve the entirety of his previously suspended sentence as a sanction for his probation violation. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his

probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that had been suspended." *Gosha*, 873 N.E.2d at 664; *see also* Ind. Code § 35-38-2-3(h).

[13] Here, upon finding that Steward had violated his probation, the trial court ordered him to serve the entirety of the previously suspended portion of his sentence, i.e., one and a half years. In support of his argument that the trial court's decision was an abuse of discretion, Steward argues that by the time he appeared in court on the current probation violation, his probationary period had been over for almost two years, and that there was no admissible evidence that he committed any crimes during that time. This argument is absurd. It was Steward's own actions in absconding from probation for two and a half years that caused the delay in disposing of this matter, and his whereabouts became known only after he was arrested for committing multiple offenses. The trial court's decision to impose the entirety of Steward's previously suspended sentence as a sanction for his probation violations was amply supported by the record.

[14] Judgment affirmed.

[15] Robb, J., and Barnes, J., concur.