## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gordon Michael Vanbibber, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 14, 2017 <br><br> Court of Appeals Case No. <br> 82A01-1705-CR-1024 <br><br> Appeal from the Vanderburgh <br> Circuit Court <br><br> The Honorable David D. Kiely, <br> Judge <br><br> The Honorable Kelli E. Fink, <br> Magistrate <br><br> Trial Court Cause No. <br> 82C01-1607-F5-4364 |

**Altice, Judge.**

## Case Summary

[1] Gordon Vanbibber appeals the revocation of his probation, arguing that the evidence is insufficient to support a finding that he violated the terms of his probation.

[2] We affirm.

## Facts & Procedural History

[3] On July 29, 2016, Vanbibber was charged with Count I, battery by means of a deadly weapon, a Level 5 felony; Count II, attempted strangulation, a Level 6 felony; and Count III, resisting law enforcement as a Class A misdemeanor. On October 18, 2016, Vanbibber pled guilty to Counts I and III, and Count II was dismissed. On January 24, 2017, the trial court sentenced Vanbibber to two years for the battery conviction and a concurrent one-year sentence for the resisting law enforcement conviction. Vanbibber was given credit for serving 108 days and the balance of his sentence was suspended to Drug Abuse Probation Services (DAPS) and Alcohol Abuse Probation Services (AAPS). Vanbibber was ordered to comply with whatever treatment was deemed appropriate.

[4] On February 6, 2017, the State filed a petition to revoke probation, alleging that Vanbibber failed to report for his random urine screen, his daily breathalyzer, and another appointment. After admitting to the violation, Vanbibber was ordered to serve three actual days at the Vanderburgh County Jail and then return to probation. The State filed a second petition to revoke probation on February 10, 2017, after Vanbibber tested positive for cocaine. Vanbibber

admitted to using cocaine. The trial court ordered Vanbibber released from custody and that he report to his probation officer to continue his term of probation. On March 7, 2017, the State filed a third petition to revoke Vanbibber's probation based on another positive test for cocaine. After Vanbibber admitted to using cocaine, the trial court ordered him held without bond until "a bed is available" with the Stepping Stone drug treatment program. *Appellant's Appendix* at 10. The court further ordered Vanbibber to "successfully complete program at Stepping Stone and return to Probation." *Id*.

[5] On March 23, 2017, Vanbibber reported to Stepping Stone. As part of the admittance process, Vanbibber's possessions were searched and staff located a condom. Vanbibber indicated that he hoped he would have a chance to use it while at the facility. Although not yet aware of the facility's rules, Vanbibber's comment set the tone for his continued interactions with staff members.

[6] During his intake at the facility, Vanbibber was required to sign initial paperwork. Once in the female staff member's office, he was informed that it was a quick process. Vanbibber responded that the staff member "could have just come down to his room" and that it was "just wishful thinking" that the staff member would come to his room. *Supplemental Transcript Vol. II* at 20. The staff member interpreted the latter comment as "sexual innuendo." *Id*. The staff member confronted Vanbibber and informed him that the comment was inappropriate and that further inappropriate comments could result in discharge from the program.

Also on his first day at the facility, another staff member informed Vanbibber of the program rules, including that it was expected that he interact appropriately with others and that further inappropriate comments could be grounds for discharge. Later that same day, Vanbibber asked a support staff member if signing a release of information meant that the staff member's daughter, of whom he had seen a picture, could call him. Vanbibber was reminded that inappropriate comments could result in removal and it was recommended that he avoid contact with women. In addition, Vanbibber was accused of making inappropriate sexual comments to female patients and of inappropriately touching one of them.

As a result of Vanbibber's inappropriate conduct, he was discharged from Stepping Stone's in-patient treatment program on March 27. Stepping Stone indicated, however, that Vanbibber could continue to participate in an out-patient program. Upon being informed of Vanbibber's discharge from the in-patient program, the State filed a fourth petition to revoke probation, alleging that he failed to comply with treatment. Vanbibber denied the allegation.

The trial court held a fact-finding hearing on April 20, 2017. On April 26, the trial court entered an order finding that the State had established the allegations in the petition to revoke by a preponderance of the evidence. On May 5, 2017, the trial court held a dispositional hearing, during which the court expressly found that Vanbibber "[i]s not a good candidate for probation because he's had so many violations." *Sentencing Transcript* at 7. The trial court then ordered Vanbibber to serve 450 days of his sentence on Count I at the Department of

Correction and a concurrent one year executed sentence on Count III. Vanbibber now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[10] Vanbibber argues that the State presented insufficient evidence to support the revocation of his probation. A probation revocation hearing is civil in nature, and the State must prove the alleged violation by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007).

[11] Vanbibber asserts that the State has not shown that he violated a rule of probation by failing to participate in drug treatment. He notes that aside from the conduct described above, he participated in the treatment programs offered by Stepping Stone during the few days he was at the facility. He further notes that although Stepping Stone discharged him from the in-patient treatment program, he was offered treatment through its out-patient program. Vanbibber asserts that there is nothing in the record indicating that he was unwilling to participate in the out-patient treatment or explore other treatment options. He

therefore argues that the trial court abused its discretion by revoking his probation.

[12] Here, the basis for the petition to revoke probation was that Vanbibber "failed to comply with treatment" in that he was "discharged unsatisfactorily from residential treatment at Stepping Stone" because of inappropriate behavior. *Appellant's Appendix* at 88, 90. The State asserts that such was a violation of probation rule number two, which required Vanbibber to comply with the rules of the treatment facility. Specifically, Vanbibber was ordered to "follow all orders or instructions, written or verbal, of your probation officer and other designated program office(s) to include, evaluation, counseling and treatment." *Appellant's Appendix* at 90.

[13] The State's evidence established that Vanbibber was made aware on a least three separate occasions that inappropriate comments could result in his discharge from the program. One such warning stemmed from Vanbibber's comments after a condom was found among his personal belongings. A staff member reported that she felt his comments were inappropriate. A second warning came after Vanbibber made comments to a staff member about "wishful thinking" of her coming to his room. *Supplemental Transcript Vol. II* at 20. The staff member interpreted such comment to be sexual innuendo and confronted him. Vanbibber was warned a third time about the consequences of his inappropriate comments after he asked a support staff member if her teenage daughter, whose picture was within view, could call him during his stay at the facility. Whether in jest or not, the staff member found the comments to be

unsettling. In addition to his inappropriate behavior toward Stepping Stone staff members, the State also presented evidence of reports that Vanbibber made inappropriate sexual comments to female patients. Vanbibber had been at Stepping Stone for approximately four days when the decision was made to discharge him from the in-patient program due to his inappropriate comments and behavior.

[14] Here, Vanbibber was obligated by the terms of his probation to do more than complete the program. He was required to follow the rules of the facility that was providing him treatment. His failure to do so violated the terms of his probation.

[15] We further note that upon finding that Vanbibber violated his probation a third time, the trial court ordered that he be held without bond until "a bed is available" with the Stepping Stone drug treatment program. *Appellant's Appendix* at 10. The trial court clearly indicated that Vanbibber receive treatment on an in-patient basis. Vanbibber, however, was discharged unsatisfactorily from the in-patient program. As alleged in the petition to revoke his probation, Vanbibber failed to comply with this condition of his probation.

[16] In sum, the evidence is sufficient to support the trial court's finding that Vanbibber violated the terms of probation. Thus, the trial court did not abuse its discretion in revoking Vanbibber's probation.

[17] Judgment affirmed.

Baker, J. and Bailey, J., concur.