## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2018, 8:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Pausides Alayo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 17, 2018

Court of Appeals Case No.
09A02-1712-CR-2800

Appeal from the Cass Superior
Court

The Honorable Richard A.
Maughmer, Judge

Trial Court Cause No.
09D02-1404-FB-20

**Altice, Judge.**

## Case Summary

[1] Pausides Alayo appeals following the revocation of his probation. On appeal, Alayo argues that the State's evidence is insufficient to support the revocation of his probation.

[2] We affirm.

## Facts & Procedural History

[3] Pursuant to a plea agreement, Alayo pled guilty to Class D felony strangulation and the State agreed to dismiss four other charges. On June 2, 2014, the trial court sentenced Alayo to 910 days, with 776 days suspended to probation. In addition to the general terms of probation, Alayo was also required to enroll in and successfully complete a domestic violence program "at least thirty days prior to [his] calculated termination date," pay a number of costs and fees, and obtain a mental health evaluation and follow any treatment recommendation. *Appellant's Appendix Vol. II* at 55. In October 2015, the State filed a petition alleging Alayo violated his probation after he submitted to a drug screen that was positive for methamphetamine. On November 24, 2015, Alayo admitted to violating his probation and the court ordered that he serve 120 days of his suspended sentence.

[4] On June 27, 2016, the State filed a second petition alleging Alayo violated his probation by (1) failing to complete a domestic violence program, (2) failing to pay probation user fees, (3) failing to pay for drug screens, (4) failing to pay court costs, (5) failing to pay a public defender fee, and (6) failing to pay the drug and alcohol program fee. At an initial hearing on July 15, 2016, the court

emphasized to Alayo that he needed "to start paying on this stuff." *Transcript* at 6.

[5] At a hearing on January 3, 2017, the State informed the court that Alayo had "completed that domestic violence program" and that he had been paying, but "he still owes fees." *Id*. at 9. The State requested that Alayo's probation be "terminated unsuccessfully and for a judgment to be entered" for unpaid fees. *Id*. When questioned by the court about his ability to pay the fines and costs, Alayo stated that he worked painting houses and fixing pipes. Alayo indicated to the court that he could pay his costs and fees in "five months." *Id*. at 11. The court informed Alayo of the amount he owed and continued the matter to June 27, 2017.

[6] On August 8, 2017, the State filed a third probation violation, alleging that Alayo violated his probation by committing the offense of battery resulting in bodily injury. The court held a fact-finding hearing on the alleged probation violations on November 6, 2017. During the hearing, Terry Haney[1] with the Cass County Probation Department testified that the probation fees had been retired, but there was no confirmation in the file that Alayo had completed the domestic violence program or whether he had paid the fees associated with the drug screens. The court took judicial notice of its own records indicating that Alayo had not paid court costs or the public defender fee. With regard to the

---

[1] Haney was not the probation officer who had directly worked with Alayo.

commission of a new criminal offense, Haney testified that Alayo pled guilty in the Knox City Court to misdemeanor battery resulting in bodily injury and was sentenced. At the conclusion of the evidence, the court found that Alayo had violated his probation by (1) failing to complete the domestic violence program; (2) failing to pay court costs; (3) failing to pay public defender fees; (4) failing to pay the drug and alcohol program fee; and (5) committing a new criminal offense. The court ordered that Alayo serve 540 days of his suspended sentence in the Department of Correction, terminated probation, and entered a judgment against him for $468. Alayo now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[7] Alayo argues that the State presented insufficient evidence to support the revocation of his probation. A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). It is well settled that the violation of a single

condition of probation is sufficient to support revocation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

[8]     Alayo argues, and the State concedes, that failure to pay a public defender fee cannot, as a matter of law, be grounds for the revocation of probation. *See* Ind. Code § 35-38-2-3(n). We further note that while Haney testified at the November 6, 2017 hearing that there was nothing in Alayo's file indicating he had completed the domestic violence program, the State had informed the court at the January 3, 2017 hearing, based on information received from Alayo's probation officer, that he had completed such. Despite the court's erroneous reliance on these two findings as a basis for revocation of Alayo's probation, the court's revocation of probation can still be upheld.

[9]     With regard to Alayo's failure to pay fines and costs (including fees) required as a condition of probation, such is a proper basis for revocation of probation if it is shown that the person recklessly, knowingly, or intentionally failed to pay and so long as it is not the sole basis for revocation. *See* I.C. § 35-38-2-3(g), (m). The State established that Alayo had been informed of his obligation to pay fines and costs and the trial court even continued the matter of probation revocation for over five months to provide Alayo with an opportunity to pay such. Although Alayo paid his probation fees, he did not pay other fines and costs of which he had knowledge. We also note that the court did not base the revocation of Alayo's probation solely on the fact that Alayo did not pay such, but also found that Alayo had committed a new criminal offense.

[10]　To that end, we disagree with Alayo that there was insufficient evidence to support the court's finding that he had committed another criminal offense. Haney testified that Alayo had pled guilty to battery resulting in bodily injury and was sentenced to a suspended term. Alayo did not object to Haney's testimony in this regard. And, although the trial court sustained Alayo's objection to the admission of an uncertified copy of the chronological case summary for the battery case, Alayo did not object when the court took judicial notice of such record. Alayo's attorney also referenced the sentence handed down by the Knox City Court in suggesting to the court a proper sanction for the probation violation. Based on the foregoing, we conclude that the State presented sufficient evidence to prove by a preponderance of the evidence that Alayo committed a new criminal offense while on probation.

[11]　Even if the trial court erred in considering his failure to pay fines and costs, Alayo's commission of a new criminal offense is sufficient by itself to support the trial court's revocation of his probation. Indeed, the violent nature of the new offense is similar to the violent nature of the original offense for which Alayo was on probation. The trial court did not abuse its discretion in revoking Alayo's probation and ordering that he serve 540 days of his previously suspended sentence.

[12]　Judgment affirmed.

Najam, J. and Robb, J., concur.