## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 7:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Podlejski
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jaylin Keshawn Jefferson, *Appellant-Defendant,* | January 31, 2019 |
| | Court of Appeals Case No. 18A-CR-1591 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable David A. Happe, Judge |
| | Trial Court Cause No. 48C04-1608-F4-1672 |

**Altice, Judge.**

## Case Summary

[1] Jaylin K. Jefferson appeals the revocation of his probation, presenting two issues on appeal:

> 1. Did the State present sufficient evidence to support the revocation of Jefferson's probation?

> 2. Did the trial court abuse its discretion in ordering Jefferson to serve the entirety of his previously-suspended sentence?

[2] We affirm.

## Facts & Procedural History

[3] On April 17, 2017, Jefferson pled guilty to assisting a criminal as a Level 6 felony, theft as a Level 6 felony, and theft as Class A misdemeanor. Jefferson was sentenced to an aggregate term of thirty months, with 508 days suspended to probation after credit given for time served.

[4] On August 15, 2017, the State filed a notice of probation violation alleging that Jefferson failed to abstain from the use of marijuana and that he was living at a residence where illegal drugs were used and/or possessed. On September 22, 2017, Jefferson appeared at the initial hearing and admitted to the violations. On November 20, 2017, the State filed an amended notice of probation violation adding two additional allegations—that Jefferson had committed the criminal offenses of domestic battery and invasion of privacy. At a November 27, 2017 hearing on the amended notice, Jefferson denied the new allegations.

[5]　On May 29, 2018, the court held an evidentiary hearing on the amended notice. Prior to the hearing, the State moved to dismiss the invasion-of-privacy allegation in the amended petition, which motion the court granted. At the hearing, the State presented evidence from Officer Chris Barnett of the Anderson Police Department, who testified about completing a domestic-battery report. Officer Barnett spoke with the victim, who was able to provide Jefferson's name, date of birth, and "identifiers." *Transcript* at 98. The victim reported to Officer Barnett that a few days prior, Jefferson had struck her several times on her legs and left arm with a metal rod that was approximately twelve inches long. Officer Barnett observed bruising on the victim consistent with the victim's report. The State also moved to admit the probable cause affidavit prepared by Officer Barnett, which the trial court admitted over Jefferson's objection. At the conclusion of the hearing, the trial court found that the State established by a preponderance of the evidence that Jefferson had committed the offense of domestic battery. Based on this finding and Jefferson's previous admission to the State's first two allegations, the trial court found that Jefferson violated the terms of his probation.

[6]　With regard to the sanction to be imposed, Jefferson requested that the court consider placement in community corrections or home detention. The State's preference was for incarceration but given the short amount of time remaining on Jefferson's sentence, it did not believe that option was available. The State therefore requested that Jefferson serve the balance of his sentence on work release. The court revoked Jefferson's 508-day suspended sentence and ordered

that he serve the remainder in the Indiana Department of Correction. Jefferson now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### 1. Admission of Evidence

Jefferson frames his argument as a challenge to the sufficiency of the evidence. His argument on appeal, however, is based solely on his claim that the trial court abused its discretion in admitting the probable cause affidavit prepared by Officer Barnett, which documented the victim's report of being battered by Jefferson. Jefferson maintains that had the trial court not admitted the probable cause affidavit into evidence, then the evidence would have been insufficient to prove one of the three probation violations he was found to have committed.

We begin by noting that Jefferson admitted that he violated his probation by using marijuana and living in a residence where illegal drugs were used and/or possessed. Based on this alone, the trial court had discretion to revoke his probation and impose sanctions. *See* Ind. Code § 35-38-2-3; *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007) (noting that a violation of a single condition of probation is sufficient to support revocation). Jefferson nevertheless challenges the revocation of his probation.

A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a

claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007).

[10] Indiana Rule of Evidence 101(d)(2) allows for the admission of evidence during probation revocation hearings that would not be permitted in a criminal trial. "The due process right applicable to probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). In *Reyes*, our Supreme Court adopted the substantial trustworthiness test as the means for determining whether hearsay evidence should be admitted at a probation revocation hearing. Under this test, the trial court must determine whether the evidence reaches a certain level of reliability—i.e., whether it has a substantial guarantee of trustworthiness—in order to be considered at a probation revocation hearing. *Id*. at 441.

[11] Here, the probable cause affidavit was signed by Officer Barnett under penalty of perjury. The victim of the domestic battery, from whom Officer Barnett took his report, was able to give Jefferson's name and date of birth. Officer Barnett was in full uniform when the victim gave her statement. Officer Barnett was also able to corroborate the victim's claim of being battered because he observed bruising on her legs and left arm that were consistent with her

statement of what had occurred. The trial court concluded, and we agree, that there are multiple indicia of reliability. The trial court did not abuse its discretion in admitting the probable cause affidavit related to the domestic battery charge. This evidence, in conjunction with Officer Barnett's testimony, is sufficient to establish by a preponderance of the evidence that Jefferson violated his probation by committing domestic battery. Moreover, as noted above, Jefferson admitted to violating his probation by using marijuana and living in a place where illegal drugs were used and/or possessed. There is sufficient evidence to support the trial court's decision to revoke Jefferson's probation.

## 2. Sanction

[12] Jefferson also argues that the trial court abused its discretion in ordering him to serve the entirety of his previously-suspended sentence as a sanction for his probation violation. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Moreover, "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Id.* "If the court finds the defendant has violated a condition of his probation at any time before the termination of the probationary period, and the petition to revoke is filed within the probationary period, then the court may

order execution of the sentence that had been suspended." *Gosha*, 873 N.E.2d at 664; *see also* Ind. Code § 35-38-2-3(h).

[13]     Jefferson admitted to violating his probation by using marijuana and living in a place where illegal drugs were used and/or possessed. Jefferson asserts that these violations were "technical in nature" and thus, did not warrant the sanction imposed by the trial court. *Appellant's Brief* at 10. Relying upon his admission of evidence/sufficiency argument, Jefferson affords no weight to the fact that he was found to have committed a new crime that involved violence.

[14]     As set forth above, Jefferson was properly found to have violated his probation by using marijuana, living in a place where illegal drugs were being used and/or possessed, and by committing the new criminal offense of domestic battery. In addition to these formally charged violations, the State presented evidence during the sanctions proceedings that Jefferson was found in possession of marijuana on or about April 28, 2018. At that time, Jefferson was located in the driver's seat of a car in the driveway of a home where the Madison County Drug Task Force was executing a search warrant. A subsequent search revealed a plastic bag containing marijuana in Jefferson's pants pocket, a second plastic bag containing marijuana was located in the center console of the car, and a functioning digital scale was located in the passenger door compartment of that same car. A search of the room that Jefferson shared with his girlfriend inside the home that was searched revealed another plastic bag containing marijuana and $340 in cash. When questioned, Jefferson admitted to possessing and selling marijuana.

[15]    In setting forth the sanction, the court explained:

> Mr. Jefferson, what I see . . . is I've got a person who's been
> convicted of a felony, he's subject to court supervision, and he's
> out dealing drugs. That is so beyond acceptable it's hard to even
> find words to discuss it. Based on the statements made in the
> probable cause affidavit, there's no doubt that you were dealing
> marijuana while you were under supervision from this court.
> That shows me a person who has zero interest in rehabilitation,
> zero interest in building a decent life that he can be proud of.
> This is a person who's going to think like a criminal and act like
> a criminal and do what a criminal does to get by. And there's
> just no reason to hope for your rehabilitation within the short
> time that the Court has access to you here, so I find that there's
> no purpose to be served by putting you on community
> corrections.

*Transcript Vol. II* at 132. We will not second guess the trial court in this regard.
Based on the record, we cannot say the trial court abused its discretion in
ordering Jefferson to serve the balance of his sentence at the Department of
Correction.

[16]    Judgment affirmed.


Najam, J. and Pyle, J., concur.